IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAMIR BRADLEY | CRIMINAL ACTION<br>NO. 15-00550 |

PAPPERT, J.                                                                                            December 28, 2020

**MEMORANDUM**

    Lamir Bradley seeks in two *pro se* Motions compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court denies the Motions because extraordinary reasons do not warrant Bradley's release and, in any event, the factors under 18 U.S.C. § 3553(a) counsel against granting relief.

I

A

    On April 26, 2016, Bradley pleaded guilty to two counts of possession of a firearm by a convicted felon, one count of possession with intent to distribute heroin and marijuana within 1,000 feet of a public housing facility and one count of possession of a firearm in furtherance of a drug trafficking crime. *See* (Plea Agreement 1, ECF No. 28). Police officers caught him with loaded firearms, which he was prohibited from possessing due to a prior aggravated assault conviction, on two occasions within four months. (Gov't Resp. 1–2, ECF No. 70.) On June 11, 2015, officers found Bradley in possession of a semi-automatic handgun loaded with twenty-eight live rounds. (*Id.*) On October 7, 2015, officers approached Bradley and he ran from them. (*Id.* at 2.) While fleeing, he tossed another semi-automatic handgun loaded with ten live rounds into a nearby yard. (*Id.* at 2.) Once they caught him, officers found Bradley in possession of

1

$218 and heroin and marijuana packaged for sale.  (*Id.*)

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Court sentenced Bradley to 106 months' incarceration.  *See* (Judgment 2, ECF No. 36); (Plea Agreement 3).  So far, counting accrued good time credit, Bradley has served approximately seventy-three months of his sentence.  (Gov't Resp. 4, ECF No. 70.)  He is thirty years old and his current anticipated release date is February 19, 2023.  (*Id.*)

B

On July 12, 2020, Bradley petitioned the warden at FCI Allenwood Medium for compassionate release "due to the COVID-19 pandemic."  (Suppl. Mot. for Release 36, ECF No. 66.)  The warden denied his request.  (*Id.* at 37.)  On July 31, 2020, Bradley requested reconsideration of his release.  (*Id.* at 38.)  The warden denied that request as well.  (*Id.*)

Bradley now moves *pro se* for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in two Motions.  *See generally* (Mot. for Release, ECF No. 60); (Suppl. Mot. for Release).[1]  In his first Motion, he argues his release is warranted because his prison is not successfully containing the spread of COVID-19.  (Mot. for Release 1.)  He also claims he has been urinating blood, has developed skills in prison that will help him become a productive member of society and has three children, a sick grandmother and a mother who recently had a stroke.  (*Id.*)

In his Supplemental Motion, Bradley argues compassionate release is appropriate because he is not receiving the medical attention he needs for his "undiagnosed kidney issues (e.g. lower back pain [and] urination of blood)" and because

---

[1]  The Federal Community Defender Office declined to seek compassionate release on Bradley's behalf.  *See* (Order Referring Motion for Release, ECF No. 61); (Letter Declining to Seek Release, ECF No. 64).

he suffers from obesity, hypertension, nerve damage and an "eye condition which is leading to permanent damage." (Suppl. Mot. 1, 9, 11.) Both Bradley and the Government have provided to the Court Bradley's recent Bureau of Prisons medical records. *See* (Suppl. Mot. 30–35); *see generally* (Gov't Ex., ECF No. 71).

## II

### A

A district court may reduce an inmate's sentence as a form of compassionate release only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *cf. United States v. Roeder*, 807 F. App'x 157, 160–61 (3d Cir. 2020) ("[T]he existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid . . . that sentence.").

Before releasing an inmate, a court must also "consider[] the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A). Relevant factors include "the nature and circumstances of the offense" and the need for the sentence "to reflect the seriousness of the offense," provide "just punishment for the offense" and "protect the public from further crimes of the defendant." *Id.* § 3553(a)(1), (2)(A), (C).

### B

Bradley has not presented extraordinary and compelling reasons for his release. His medical records do not indicate he suffers from any medical conditions that increase his risk of severe illness from COVID-19 according to Center for Disease Control and

Prevention guidelines. *See generally* (Gov't Ex.); Coronavirus Disease 2019, *People at Increased Risk*, Center for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 28, 2020). Despite Bradley's claims, his records show he is not obese and has no history of hypertension. *See* (Gov't Ex. 23–24, 55, 60, 166). A doctor has characterized his blood urination as benign essential hematuria and he has no record of kidney disease. *See* (*id.* at 79, 148, 150, 160, 166). His nerve damage is not documented, and his eye damage, which is not described as permanent, appears to be an injury from a recreational basketball game. *See* (*id.* at 44–45).

While Bradley's engagement in prison programming is commendable, rehabilitation is "not . . . considered an extraordinary and compelling reason for relief." 28 U.S.C. § 994(t). And Bradley's mention of his children, sick grandmother and mother who recently suffered a stroke does not demonstrate an extraordinary and compelling reason for relief either. Bradley does not say in his Motion that he would become the caretaker for any of these family members upon release. *See generally* (Mot. for Release). Even if that was his plan, however, the Sentencing Guidelines policy statement limits extraordinary and compelling family circumstances to death or incapacitation of the caregiver for a defendant's minor child or incapacitation of a defendant's spouse or registered partner. *See* Application Note 1 to U.S.S.G. § 1B1.13. Bradley has not alleged these circumstances.

## C

Even if extraordinary and compelling reasons did exist for Bradley's release, the 18 U.S.C. § 3353(a) factors counsel against releasing him. Bradley earned his sentence

4

after twice disregarding the consequences of his past criminal acts by carrying firearms and running from police to conceal criminal activity. Releasing Bradley after approximately seventy-three months would be inconsistent with the seriousness of his crimes and fail to provide just punishment for his actions. *See* 18 U.S.C. § 3553(a)(1), (2)(A).

Moreover, the Court cannot say that Bradley is no longer a danger to the community. *See id.* § 3553(a)(2)(C). He accumulated a lengthy criminal record prior to his June and October 2015 offenses beginning at age thirteen, including four juvenile adjudications for simple assault and terroristic threats, rape, simple assault and carrying an unlicensed firearm and two adult convictions for aggravated assault and possession of marijuana. *See* (Gov't Sentencing Mem. 6–7, ECF No. 32); (Gov't Resp. 3–4). He committed his June 2015 offense while on bail for his possession of marijuana conviction, which he also committed while on state parole for aggravated assault after he beat a juvenile detention officer in the head and face using his fists. *See* (Gov't Sentencing Mem. 6–7); (Gov't Resp. 4). He also has a history of fleeing from police. *See* (Gov't Sentencing Mem. 6–7); (Gov't Resp. 3).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.