# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 15-550 |
| LAMIR BRADLEY | |

**PAPPERT, J.**  July 13, 2022

## MEMORANDUM

Lamir Bradley moves for reconsideration of the Court's December 29, 2020 Order denying his prior request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court denies his motion.

## I

### A

The factual and procedural history of Bradley's case is detailed in the Court's prior Memorandum. (ECF 74). In short, he was sentenced to 106 months imprisonment after pleading guilty to two counts of possession of a firearm by a convicted felon, one count of possession with intent to distribute heroin and marijuana within 1,000 feet of a public housing facility and one count of possession of a firearm in furtherance of a drug trafficking crime. (*Id.* at 1-2.) He has served approximately 83 months of his sentence and earned roughly 11 months of credit for good conduct. (Gov't. Resp., ECF 79 at 1.) His minimum release date is February 18, 2023. (*Id.*)

Bradley originally sought release because his prison was not able to limit the spread of COVID-19. (ECF 60, 66.) He reported suffering from a variety of medical issues including urinating blood, obesity and hypertension. (*Id.*) He also expressed a

desire to care for his three children, his sick grandmother and his mother who had suffered a stroke. (*Id.*)  Bradley argued he has developed skills in prison that would help him become a productive member of society. (*Id.*)  The Court found he had not met his burden of proving extraordinary and compelling reasons justifying his release and that early release would not align with the 18 U.S.C. § 3553(a) factors. (ECF 74.)

B

Bradley's *pro se* motion seeks compassionate relief because he "lives in fear of contracting the COVID-19 virus again." (Mot. for Reconsid., ECF 77 at 2.)  He is 31 years old and asserts that he is at risk of complications from the virus because he is obese and has a history of drug, alcohol and tobacco use. (*Id.*)  He reports he is five feet, six inches tall and weighs 190 pounds with a BMI that qualifies him as obese. (*Id.*)  Bradley claims he contracted the virus "at the end of December" 2020 (*id.*), but his medical records do not corroborate this. (Gov't Ex. A, ECF 81.)  There is no evidence he tested positive for COVID-19 in 2020 or that he was suffering from any COVID-19 symptoms at the time.  He also tested negative for COVID-19 in January, February and March 2021. (ECF 81 at 13, 31, 43, 46, 49, 52, 55, 91.)  Bradley was offered COVID-19 vaccines on March 1 and April 6, 2021, but refused them. (ECF 81-1 at 56, 99-100.)  On January 12, 2022 he tested positive for COVID-19 "during mass testing." (ECF 81-1 at 5, 55.)  He was asymptomatic during ten days of monitoring after his positive test. (ECF 81-1 at 32-41.)

II

A

A court may grant a motion for reconsideration if the movant shows "(1) an

intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Processed Egg Prod. Antitrust Litig.*, 962 F.3d 719, 729 (3d Cir. 2020) (citation omitted); *see also Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

B

A district court may reduce an inmate's sentence as a form of compassionate release only if it finds that (1) extraordinary and compelling reasons warrant such a reduction; (2) the sentencing factors set forth in § 3553(a), to the extent they are applicable, warrant a reduction; and (3) the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Relevant § 3553(a) factors a court must consider include the "nature and circumstances of the offense," "the history and characteristics of the defendant," and the "need for the sentence imposed – to reflect the seriousness of the offense, . . . promote respect for the law, . . . provide just punishment for the offense" and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A), (C). The applicable Sentencing Commission policy statement requires a court to determine a defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g)" prior to release. U.S.S.G. § 1B1.13.

III

A

To the extent Bradley's motion seeks reconsideration, it is untimely. The Court denied his motion for compassionate release on December 29, 2020. (ECF 375.) Local Rule 7.1(g) provides a fourteen-day deadline for reconsideration motions, "other than

3

those governed by Federal Rule of Civil Procedure 59(e) . . . ." E.D. Pa. Local R. Civ. P. 7.1(g). Rule 59(e) motions must be filed no later than twenty-eight days after the entry of a judgment. Fed. R. Civ. P. 59(e). Bradley filed the motion now before the Court on October 26, 2021, well beyond either rule's deadline for reconsideration. (ECF 77.)

B

To the extent Bradley's filing can be considered another motion for compassionate release, it does not meet 18 U.S.C. § 3582(c)(1)(A)'s requirements. "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). At a minimum, Bradley must identify some condition that puts him at particular risk. *See United States v. Ulmer*, No. 18-00579-3, 2021 WL 844579, at *1 (E.D. Pa. Mar. 5, 2021). He has not.

Bradley was offered a COVID-19 vaccine before he contracted the virus. He refused it because it had "not received full FDA approval" and the vaccines' effectiveness against "the variants and different strains of COVID-19 that are circulating throughout the world" is "unknown." (Mot. for Reconsid., ECF 77 at 3.) But COVID-19 vaccines have been shown to reduce adverse outcomes from infection and Bradley offers no argument why his obesity or his history of drug, alcohol and tobacco use negate the vaccines' protections against severe complications from the virus and its newer variants. *See United States v. Paris Church*, No. 21-1840, 2021 WL 5632062, at *2 (3d Cir. Dec. 1, 2021) (holding "otherwise compelling medical reasons for release" were negated by an inmate's "unexplained refusal to accept a COVID-19 vaccination when offered"); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)

("The federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective.").

Bradley's claimed conditions are not legitimate medical justifications for refusing vaccination and do not present extraordinary and compelling reasons for reducing his sentence. *See, e.g., United States v. Ortiz*, No. 18-264, 2021 WL 1422816, at *3 (E.D. Pa. Apr. 15, 2021) ("[The defendant's] refusal to be vaccinated in the absence of a legitimate medical justification is fatal to his motion for compassionate release."); *United States v. Bautista*, No. 19- 24, 2021 WL 1264596, at *5 (E.D. Pa. Apr. 6, 2021) ("[The defendant's] denial of the COVID-19 vaccine further weighs against finding an extraordinary and compelling reason for release."); *United States v. Jackson*, No. 07-40, 2021 WL 1145903, at *5-6 (E.D. Pa. Mar. 25, 2021) (denying motion for compassionate release because the defendant refused a COVID-19 vaccine and thus voluntarily declined to "provide self-care"). Moreover, now that Bradley has contracted COVID-19 (without exhibiting symptoms), he cannot show that continued exposure to the virus puts him at risk of serious harm. *Garrett v. Murphy*, 17 F. 4th 419, 433 (3d Cir. 2021) (holding an inmate could not show an imminent risk of serious physical injury from continued exposure to COVID-19 after he had contracted the virus and was "[p]rotected by natural immunity").

Even if Bradley's latest argument was enough to show an extraordinary circumstance justifying his release, the 3355(a) factors still weigh against granting relief. Notwithstanding his already-lengthy criminal record, Bradley carried loaded weapons and ran from the police. Reconsideration does not change the Court's

5

conclusion that he remains a danger to the community and an early release would fail to provide just punishment for his actions.  (*See* ECF 74 at 4-5.)

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.