IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> LAMIR BRADLEY, | CRIMINAL ACTION <br> NO. 15-550 |

Pappert, J.                                                                                           September 18, 2024

## MEMORANDUM

Lamir Bradley pled guilty to four counts in a five-count indictment charging him with gun and drug related offenses. The Court sentenced him to 106 months incarceration. (Judgment at 2, ECF No. 36.) He filed a *pro se* motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, contending his lawyer was ineffective for failing to challenge at sentencing his offense level calculation. (Pet'r's Mot. at 4-5, ECF No. 43.) Bradley believes counsel should have argued that a prior aggravated assault conviction was not a crime of violence under the Sentencing Guidelines. (*Id.*) The Court denies the motion.

I

On June 11, 2015, Chester police officers arrested Bradley, who was a convicted felon, for possessing a loaded pistol with an extended magazine. (PSR ¶¶ 10–11 & n.1.) On October 7, 2015, a Chester police officer encountered Bradley in a public housing facility, grabbing his waistband area while looking at the officer. (*Id.* ¶¶ 14, 19.) Bradley fled and while doing so, threw a gun into a backyard. (*Id.* ¶¶ 15–16.) The officers arrested Bradley after a struggle and Bradley admitted he had drugs in his

1

pocket. (*Id.* ¶ 15.) The officers recovered the gun Bradley had thrown into the yard. (*Id.* ¶ 16.)

On November 15, 2015, Bradley was charged with two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Counts One and Four), possession with intent to distribute heroin and marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and (b)(1)(D) (Count Two), possession with intent to distribute heroin and marijuana within 1,000 feet of a public housing facility in violation of 21 U.S.C. § 860(a) (Count Three) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count Five). (PSR ¶ 1.)

Bradley entered into a written guilty plea agreement pursuant to Rule 11(c)(1)(C), wherein he agreed to plead guilty to Counts One, Three, Four and Five and the Government agreed to move to dismiss Count Two at the time of sentencing. (Bradley Sentencing Memorandum at 1, ECF No. 34.) The parties jointly recommended a term of imprisonment within a range of 97 to 106 months. (*Id.*) Because one of the guns Bradley possessed was a semiautomatic firearm capable of accepting a large capacity magazine and Bradley had previously been convicted of aggravated assault, his base offense level was 22. (PSR ¶ 28 & n.5.) The Court accepted the terms of the guilty plea agreement and sentenced Bradley on August 18, 2016. *See* (Sent'g Tr. at 1).

In September 2017, Bradley filed a *pro se* § 2255 petition, contending his lawyer should have challenged his offense level calculation because his prior aggravated assault conviction no longer qualifies as a crime of violence under U.S.S.G. § 2K2.1(a)(3). (Pet'r's Mot. at 4–5.) But Bradley relies on the benefit of hindsight, and ineffective assistance of counsel claims hinge on the reasonableness of counsel's conduct

*at the time of the proceeding.* Bradley's lawyer's performance was not deficient when Bradley was sentenced.

II

Section 2255 permits a prisoner sentenced by a federal court to "move the court which imposed the sentence to vacate, set aside or correct the sentence" where (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the Court finds one of these applies, it may, as appropriate, vacate the judgment, resentence the prisoner or grant the prisoner a new trial. 28 U.S.C. § 2255(b).

The Court must hold an evidentiary hearing unless the motion, case filings and record "conclusively show that the prisoner is entitled to no relief." *Id.* Where an ineffective assistance claim "clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then the claim does not merit a hearing." *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988). As outlined below, Bradley's claim clearly fails to demonstrate deficiency of counsel's performance, obviating the need for a hearing.[1]

---

[1] Bradley also seeks appointment of counsel under Rules 6(a) and 8(c) of the Rules Governing Section 2255 Proceedings. (Mot. for App. Of New Counsel at 1-2, ECF. No. 55.) As a preliminary matter, there is no constitutional right to counsel for § 2255 petitioners. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Appointment of counsel is required only for discovery and evidentiary hearings. Rules 6(a), 8(c) Governing Section 2255 Proceedings. A court can appoint counsel in its discretion, however, when the interests of justice require it. 18 U.S.C. § 3006A(a)(2)(B). In doing so, the Court must decide whether the petitioner "has presented a nonfrivolous claim" and whether appointment of counsel "will benefit the petitioner and the court." *Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir. 1991). Factors to consider are (1) the complexity of the case's factual and legal issues and (2) the petitioner's ability to investigate facts and present his claims. *Id.*

III

A

The two-part test set forth in *Strickland v. Washington* governs ineffective assistance of counsel claims. 466 U.S. 668 (1984). To prevail on such a claim, the petitioner must show (1) "counsel's performance was deficient, in that it fell below an objective standard of reasonableness," and (2) he "suffered prejudice as a result of the deficiency." *Blystone v. Horn*, 664 F.3d 397, 418 (3d Cir. 2011) (citing *Strickland*, 466 U.S. at 687). If the petitioner fails to satisfy one of these prongs, the Court need not address the other. *Strickland*, 466 U.S. at 697.

Under *Strickland*'s first prong, the Court assesses counsel's performance, the proper measure of which "remains simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. Counsel performs deficiently by making errors "so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Rogers v. Superintendent Greene SCI*, 80 F.4th 458, 462 (3d Cir. 2023) (quoting *Strickland*, 466 U.S. at 687). A fair assessment of counsel's performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. The Third Circuit Court of Appeals has "consistently held[,] that there is no general duty on the part of defense counsel to anticipate changes in the law." *United States v. Foote*, No.

---

The Court denies Bradley's request for counsel. It is not holding an evidentiary hearing or ordering discovery. Nor do the interests of justice warrant appointing counsel. Bradley has thoroughly presented his claim—he identified his best arguments, researched and cited favorable case law, and filed numerous supporting documents. But the legal issues Bradley presents are straightforward and counsel would not have benefitted Bradley or the Court.

4

22-3509, 2024 WL 3811984, at *5 (3d Cir. Aug. 14, 2024) (quoting *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996)).

Under *Strickland*'s prejudice prong, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Calhoun*, 600 Fed. App'x 842, 844 (3d Cir. 2015).

## B

### 1

Under the Sentencing Guidelines, a defendant's base offense level depends on, among other things, whether he committed the current offense after being convicted of one or more crimes of violence. *See* U.S.S.G. § 2K2.1(a)(3). The Guidelines define a crime of violence in two alternate ways. U.S.S.G. § 4B1.2(a). First, under the "elements clause," a crime of violence is a felony offense under federal or state law that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). Second, under the "enumerated offenses clause," a crime of violence is a felony offense under federal or state law that "is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." *Id.* § 4B1.2(a)(2).

2

To determine whether a prior conviction is for a crime of violence under U.S.S.G. § 4B1.2(a), courts apply the categorical approach. *United States v. Brasby*, 61 F.4th 127, 133 (3d Cir. 2023). Courts identify "the elements of the crime of conviction and assess whether they fall within the bounds of a crime of violence . . . as defined under the [Guidelines]." *United States v. Hurtt*, 105 F.4th 520, 523 (3d Cir. 2024) (quoting *United States v Williams*, 898 F.3d 323, 333 (3d Cir. 2018)). In this analysis, the facts of the underlying conviction are irrelevant; if the statute of conviction can be violated without the use, attempted use or threatened use of force, it is not a crime of violence. *United States v. Ramos*, 892 F.3d 599, 606 (3d Cir. 2018)); *Brasby*, 61 F.4th at 133–34.[2]

In limited circumstances, courts apply the "modified categorical approach." *Hurtt*, 105 F.4th at 522. "This approach applies when the defendant's statute of conviction describes 'multiple crimes,' rendering the statute 'divisible.'" *Id.* (quoting *Brasby*, 61 F.4th at 134). Under this approach, courts first identify which of these specific crimes the defendant was convicted of committing. *Id.* The court then "resorts to the traditional 'categorical approach' that requires comparing the criminal statute to the relevant generic offense." *United States v. Peppers*, 899 F.3d 211, 231–32 (3d Cir. 2018) (citing *Mathis v. United States*, 579 U.S. 500, 505-06 (2016)).

To determine which subsection of a divisible statute a defendant violated, the Court may consult "judicial records of the convicting court," including "the charging

---

[2] The categorical approach applies to both the elements and enumerated offense clauses. The Court need not resolve whether Bradley's aggravated assault conviction is a crime of violence under the enumerated offenses clause because, at the time of his sentencing, there was no question that second-degree aggravated assault in Pennsylvania was a crime of violence under the elements clause.

document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Hurtt*, 105 F.4th at 523 (quoting *Bentley*, 49 F.4th 275, 291 (3d Cir. 2022); *Ramos*, 892 F.3d at 607)). These records, called *Shepard* documents, must "speak plainly" to the specific offense. *Id.* at 523–24 (quoting *Untied States v. Henderson*, 841 F.3d 623, 631 (3d Cir. 2016)); *see also Shepard v. United States*, 544 U.S. 13, 26 (2005).

3

While Bradley was convicted of aggravated assault, the record does not identify the specific statutory subsection he violated. Aggravated assault charges in Pennsylvania are brought under 18 Pa. C.S. § 2702(a). *See Hurtt*, 105 F.4th at 522. But "§ 2702 is divisible and subject to the modified categorical approach." *Hurtt*, 105 F.4th at 523 (internal quotation marks omitted). It "contains nine different subsections, each criminalizing different conduct." *Id.* at 523 (cleaned up) (quoting *Ramos*, 892 F.3d at 609).

Bradley was convicted of second-degree aggravated assault, *see* (Gov't's Resp. at 7, ECF No. 86), so he must have been convicted of violating subsection 2702(a)(3), (4), (5), (6) or (7). *See* 18 Pa. C.S. § 2702(b) ("Aggravated assault under subsection (a)(3), (4), (5), (6), (7) and (8) is a felony of the second degree.").[3] The *Shepard* documents do not narrow the matter further, (Gov't's Resp. at 7), and the Court need not do so, since at the time of Bradley's sentencing, counsel's decision not to dispute that second-degree aggravated assault was a crime of violence was reasonable.

---

[3]     Bradley could not have been convicted of violating subsection (8), which was codified later. *Compare* 18 Pa. C.S. § 2702(a), (b) (2012), *with* 18 Pa. C.S. § 2702(a), (b) (2013).

7

C

Again, ineffective assistance of counsel claims concern the reasonableness of counsel's performance at the time of the proceeding. *Strickland*, 466 U.S. at 689. So the question is not whether second-degree aggravated assault is a crime of violence now, but whether counsel was unreasonable for failing to argue in 2016 that it was not.

For years, it was well settled that second-degree aggravated assault in Pennsylvania constituted a crime of violence under the Guidelines. And in the months before and after Bradley's sentencing, numerous courts in this circuit found that violations of various subsections of 2702(a) were categorically crimes of violence. *See, e.g., United States v. Pitts*, 655 F. App'x 78, 81 (3d Cir. 2016) (2702(a)(3)); *Ramos*, 892 F.3d at 610–12 (2702(a)(3)); *United States v. Gorny*, 655 F. App'x 920, 925 (3d Cir. 2016) (2702(a)(4)); *Hurtt*, 105 F.4th at 524–25 (2702(a)(6)); *United States v. Bailey*, No. 4-24, 2017 WL 2720281, at *3–4 & n.5 (W.D. Pa. June 23, 2017) (explaining that "[c]onvictions under [Subsections] 2702(a)(3) and (a)(4) . . . have been held to satisfy ACCA's 'force' or 'elements' clause" and noting Subsection 2702(a)(5) "mirrors" the other subsections' language).

In 2023, however, the Third Circuit Court of Appeals held that a conviction under 2702(a)(3) was not a crime of violence. *See United States v. Jenkins*, 68 F.4th 148, 155 (3d Cir. 2023).[4] Pointing to *Jenkins*, Bradley contends that, because it is

---

[4]   *Jenkins* addressed whether 18 Pa. C.S. § 2702(a)(3) was a "violent felony" under the Armed Career Criminal Act. *Jenkins*, 68 F.4th at 150. But since the definition of "crime of violence" in § 4B1.2(a)(1) bears "substantial similarity" to the ACCA's definition of "violent felony," courts "generally apply authority interpreting one provision to the other." *Brasby*, 61 F.4th at 132–33 (citations omitted); *Jenkins*, 68 F.4th at 151 n.3 (explaining that because "the elements clauses of ACCA's definition of 'violent felony' and of the Sentencing Guidelines' definition of 'crime of violence' are interpreted consistently, we cite cases interpreting either") (citation omitted).

possible he was convicted under 2702(a)(3), his attorney should have argued his conviction was not categorically a crime of violence. But counsel was not unreasonable for failing to read the writing on the wall before it was written. *See United States v. Stubbs*, 757 F. App'x 159, 162 (3d Cir. 2018) ("Trial counsel's failure to object was consistent with the law at the time of trial and an attorney cannot be deficient for failing to predict changes in the law."). *Pitts* and *Gorny* were decided a month before Bradley's sentencing. *Pitts*, 655 F. App'x at 81; *Gorny*, 655 F. App'x at 925. And *Gorny* relied in part on a 2014 Supreme Court holding that "the knowing or intentional causation of bodily injury necessarily involves the use of physical force." *United States v. Castleman*, 572 U.S. 157, 170 (2014). Given the status of the law at that time, counsel's failure to predict the future did not fall below an objective standard of reasonableness. Bradley's claim fails under the first prong of the *Strickland* test.[5]

## IV

Bradley also seeks reconsideration under Federal Rule of Civil Procedure 59(e) of the Court's denial of his motion to amend his § 2255 petition. (ECF No. 69.) In May, 2020, Bradley moved to amend his petition to include a claim based on the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019). (Mot. for Leave to Am.

---

[5] Currently, eight circuit courts of appeals have held that the intentional causation of bodily injury via omissions to act is a crime of violence under the Guidelines. The Third Circuit and the Fifth Circuit are currently alone in holding that an offense cannot be a crime of violence if it is possible to violate it by an omission to act. *See Jenkins*, 68 F.4th at 155; *United States v. Resendiz-Moreno*, 705 F.3d 203, 205-06 (5th Cir. 2013). The question arising from this circuit split is currently pending before the Supreme Court. *See* Petition for Writ of Certiorari, *Delligatti v. United States*, No. 23-825 (U.S. filed Jan. 29, 2024).

But the Third Circuit did not adopt this stance until 7 years after Bradley's sentencing. And although the Fifth Circuit adopted it prior to Bradley's sentencing, counsel is not required to "keep abreast of all splits in authority . . . in the remote chance that the Supreme Court might grant certiorari and reverse then-controlling law." *United States v. Foster*, No. 98-127, 1999 WL 615630, at *9-10 (E.D. Pa. Aug. 11, 1999).

at 6–7, ECF No. 57.) In *Rehaif*, the Supreme Court held that to convict a defendant under 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must prove not only that the defendant knew he possessed a firearm, but also that he knew he belonged to a category of persons prohibited from possessing one. 588 U.S. at 237. The Court denied Bradley's motion because Bradley, in his guilty plea agreement, waived his right to collaterally attack his conviction, sentence or any other matter relating to his prosecution, with the exception of a claim that he received constitutionally ineffective assistance of counsel. (ECF No. 67); (Plea Agreement ¶ 11, ECF No. 28.)

Bradley seeks reconsideration of that denial, citing cases addressing the validity of guilty pleas that, because they preceded *Rehaif*, did not inform defendants the Government needed to prove they knew they were prohibited from possessing firearms. (Mot. for Recons. at 1–3, ECF No. 69) (citing *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020); *United States v. Bryant*, 976 F.3d 165 (2d Cir. 2020)).

A petitioner seeking reconsideration under Rule 59(e) must show one of the following: "(1) an intervening change in the controlling law; (2) the availability of new [previously unavailable] evidence . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Bradley appears to base his motion on an intervening change in the law.

There has been no intervening change in the law that calls into question the Court's prior decision that Bradley knowingly and voluntarily waived his right to bring a *Rehaif* claim. *See* (ECF No. 67). As a practical matter, however, analyzing Bradley's motion to amend his petition requires substantive consideration of the claim he seeks to

add.  If, as Bradley believes, *Gary* governed this case, his guilty plea would constitute structural error and would have to be vacated.  Vacating the plea would nullify the waiver and allow Bradley to amend his claim.  Doing so would also grant him relief on the merits, since the Court could not vacate his plea without invalidating his conviction.  Thus, in order to resolve Bradley's motion for reconsideration, the Court must address the merits of the claim he wants to raise in an amended § 2255 petition.

In *Gary*, the Fourth Circuit held guilty pleas to § 922(g)(1) charges must be vacated when the defendant was not "informed, as required by *Rehaif*, that an element of his offense was that he knew his prohibited status at the time he possessed the firearm."  954 F.3d at 199–201.  While *Gary* supports Bradley's position, the Supreme Court has overruled it.  *Greer v. United States*, 593 U.S. 503, 509–10, 514–15 (2021).

In *Greer*, the Supreme Court held that a court's failure to inform a defendant of both § 922(g) elements does not constitute structural error requiring automatic vacatur.  *Id.* at 512-13.  Rather, such failures require a defendant to "satisfy the plain-error test."  *Id.*  And "[i]n felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation *on appeal* that he would have presented evidence at trial that he did not in fact know he was a felon."  *Id.* at 514 (emphasis added).  A petitioner who fails to make this argument on appeal is ordinarily barred from raising it in a § 2255 petition.

Bradley did not raise the *Rehaif* issue until he filed his § 2255 petition, which means this claim is procedurally defaulted.  *See Davis v. United States*, No. 20-8265, 2023 WL 4636117, at *5–6 (D.N.J. July 20, 2023) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)).  To overcome the default, Bradley "must demonstrate 'cause' for

and 'actual prejudice' resulting from the default or that he is actually innocent." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 621–22 (1998)); *see also United States v. De Castro*, 49 F.4th 836, 847 (3d Cir. 2022).

Bradley's claim fails at the first step.  He cannot show cause for failing to raise this issue.  To show "cause," a petitioner must "identify some objective external factor, which impeded his or her ability to raise the alleged error on direct appeal." *United States v. Lyons*, No. 17-053, 2024 WL 3470846, at *10–11 (W.D. Pa. July 19, 2024) (citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  "Cause may exist where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." *United States v. Vielella*, No. 16-285-2, 2020 WL 6136139, at *7 (E.D. Pa. Oct. 15, 2020) (internal quotation and citation omitted).  An ineffective assistance of counsel claim also does not satisfy the cause element if the claim is based on counsel's purported failure to predict a change in the law. *United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015).

Here, even though *Rehaif* was decided three years after Bradley's sentencing, courts within the Third Circuit have held "arguments under *Rehaif* are not sufficiently novel in the § 2255 context, as '[t]he issue . . . was percolating in the courts for years.'" *Lyons*, 2024 WL 3470846, at *13 (alteration in original) (quoting *Vielella*, 2020 WL 6136139, at *7 and collecting cases); *see also United States v. Correa*, No. 08-459, 2020 WL 5517466, at *6 (E.D. Pa. Sep. 14, 2020); *De Castro*, 49 F.4th at 845); *United States v. Saunders*, No. 10-442, 2020 WL 5569785, at *4 (E.D. Pa. Sep. 17, 2020).  Thus, the argument that Bradley did not know he was prohibited from possessing a firearm was not sufficiently novel at the time of his sentencing to constitute cause for procedural

default. And counsel's failure to predict the change in law brought about by *Rehaif* also fails to constitute cause necessary to overcome a procedural default.[6]

A § 2255 petitioner can also overcome procedural default by showing "actual innocence." To do so, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623. Where a petitioner was previously sentenced to a term of imprisonment exceeding one year, however, he will be unable to demonstrate actual innocence. *See, e.g.*, *United States v. Edwards*, No. 02-524, 2023 WL 6164557, at *10 (E.D. Pa. Sep. 21, 2023); *Correa*, 2020 WL 5517466, at *7; *United States v. Whitaker*, No. 14-393, 2020 WL 7480396, at *10-11 (E.D. Pa. Dec. 18, 2020); *Saunders*, 2020 WL 5569785, at *12; *United States v. Evans*, No. 12-616-09, 2020 WL 6489013, at *8 (E.D. Pa. Oct. 29, 2020); *United States v. Roberts*, No. 15-387, 2020 WL 6700918, at *10-11 (E.D. Pa. Nov. 13, 2020); *United States v. Miller*, 954 F.3d 551, 560 (2d Cir. 2020). That's because, again, "[i]f a person is a felon, he ordinarily knows he is a felon." *Greer*, 593 U.S. at 508.

Bradley's Presentence Investigation Report, to which he did not object at sentencing, (Sent'g Tr. 6:18–7:21), shows he was sentenced to a 24–48-month prison sentence on his aggravated assault conviction. (PSR ¶ 42.) A reasonable jury would have concluded, beyond a reasonable doubt, that Bradley was aware he had served over

---

[6] Bradley cannot satisfy the prejudice element necessary to overcome a procedural default either. To show prejudice in an ineffective assistance claim, there must be "a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996). But there is more than a reasonable probability that a jury would have convicted Bradley even had they been instructed on the knowledge-of-status element. And that's because "[i]f a person is a felon, he ordinarily knows he is a felon." *Greer*, 593 U.S. at 508. Bradley knew he was convicted of a crime that received a 2–4-year sentence. He therefore cannot satisfy the prejudice element of *Bousley*.

a year of prison time.[7]  He therefore cannot demonstrate actual innocence.  Subsequent developments in the law under *Gary* and *Greer* and its progeny, therefore, do not indicate Bradley could set his guilty plea aside.  He accordingly does not present a basis for reconsideration of the Court's order denying his motion to amend his petition.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.

---

[7] Under these facts, the analysis for actual innocence mirrors the prejudice analysis.  This has often been the case in post-*Rehaif* habeas petitions where the issue is whether a jury would have found the defendant knew he was a felon.  *See, e.g., United States v. Edwards*, No. 02-524, 2023 WL 6164557, at *10 (E.D. Pa. Sep. 21, 2023); *Correa*, 2020 WL 5517466, at *7; *United States v. Whitaker*, No. 14-393, 2020 WL 7480396, at *10-11 (E.D. Pa. Dec. 18, 2020); *United States v. Saunders*, No. 10-442, 2020 WL 5569785, at *12 (E.D. Pa. Sep. 17, 2020); *United States v. Evans*, No. 12-616-09, 2020 WL 6489013, at *8 (E.D. Pa. Oct. 29, 2020); *United States v. Roberts*, No. 15-387, 2020 WL 6700918, at *10-11 (E.D. Pa. Nov. 13, 2020); *United States v. Miller*, 954 F.3d 551, 560 (2d Cir. 2020).